**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., | |
| Plaintiff, | Civil Action No. 14-5805 (ES) (JAD) |
| v. | MEMORANDUM OPINION |
| IMH, LLC, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter is before the Court upon a motion to vacate default judgment by Defendants Ashish Patel and Harpreet Singh (collectively, the "Moving Defendants"). (D.E. No. 14). Plaintiff Howard Johnson International, Inc. ("Plaintiff" or "Howard Johnson") opposes the motion. (D.E. No. 17). The Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court GRANTS the Moving Defendants' motion to vacate default judgment.

1. **Factual & Procedural Background.** On September 18, 2014, Howard Johnson brought this action against Defendants IMH, LLC, Manpreet Singh, Ashish Patel and Harpreet Singh. (D.E. No. 1). It asserted several causes of action stemming from an alleged breach of a license agreement that permitted Defendant IMH to operate a Howard Johnson® guest lodging facility. (*See id.*). In relevant part, Howard Johnson alleged that the Moving Defendants provided Howard Johnson with a personal guaranty of Defendant IMH's obligations under the license agreement. (*See id.* ¶¶ 34-36).

On October 8, 2014, Howard Johnson served the Moving Defendants with the Summons and Complaint in Houston, Texas.  (D.E. No. 6).  But the Moving Defendants failed to timely plead or otherwise respond to the Complaint.  And, on February 9, 2015, Howard Johnson requested that the Clerk of Court enter default against the Moving Defendants.  (D.E. No. 9).  On February 10, 2015, the Clerk of Court entered such default.  Thereafter, Howard Johnson moved for default judgment against Defendant IMH and the Moving Defendants (*see* D.E. No. 11), which the Court granted after reviewing Howard Johnson's submissions and holding oral argument on November 12, 2015 (*see* D.E. Nos. 12 & 13).[1]  Specifically, the Court entered judgment against Defendant IMH and the Moving Defendants—jointly and severally—in the amount of $342,915.88.  (D.E. No. 13).

On June 20, 2016, Defendants Ashish Patel and Harpreet Singh moved to vacate the default judgement entered against them pursuant to Federal Rules of Civil Procedure 55(c), 60(b)(1), and 60(b)(6).  (*See* D.E. No. 14-1).  That motion was filed by Daniel P. Bernstein, Esq., who also appeared on behalf of the Moving Defendants during a subsequent telephonic conference with the Court on July 12, 2016.  (*See* D.E. No. 16).  Thereafter, on July 19, 2016, Howard Johnson filed its opposition.  (D.E. No. 17).  On August 15, 2016, the Moving Defendants substituted Mr. Bernstein for their current counsel, relaying to the Court that there had been "communication issues" between themselves and Mr. Bernstein.  (*See* D.E. Nos. 18 & 19).  On August 19, 2016, the Moving Defendants submitted a reply in support of their motion. (D.E. No. 21).

    2.    **The Moving Defendants' Arguments.**  Citing Rule 60(b)(1), the Moving Defendants argue that default resulted from excusable neglect because they failed "to understand

---

[1] Howard Johnson voluntarily stipulated to the dismissal of Defendant Manpreet Singh.  (*See* D.E. Nos. 7 & 8).

the legal process" and in light of "the great distance from their home to the litigation forum." (D.E. No. 21 at 4). They aver that they trusted their New Jersey attorney to their detriment because—from January 2015 to June 2016—their "prior counsel's desire to obtain expert support for the[ir] defense prior to presenting it to the Court" caused the delay in filing their motion to vacate default judgment. (*See id.*). The Moving Defendants contend that it is "unknown" why that attorney failed to enter a notice of appearance, contact Howard Johnson's counsel or otherwise intervene in this action before June 2016. (*See id.*). Moreover, they argue that they have a meritorious defense: that the executed guaranty is a result of a forgery. (*See* D.E. No. 14-1 at 4; D.E. No. 21 at 2). And the Moving Defendants assert that any prejudice that Howard Johnson complains about is insufficient. (*See* D.E. No. 21 at 5-6).

Finally, citing Rule 60(b)(6), they argue that the interests of justice warrant setting aside default judgment because, by January 2015, they had hired an attorney who waited to file anything with the Court, failed to reach out to Howard Johnson's counsel, and inexplicably waited until June 2016 to file something with the Court. (*Id.* at 6-7).[2] The Moving Defendants argue that the sanction of default here would be extreme because they have viable defenses that are supported by expert analysis—and, without a hearing on the merits, "they will have six figure judgements against them that will likely drive them into bankruptcy." (*Id.* at 7).

3.   **Howard Johnson's Opposition.**   In opposition, Howard Johnson argues that vacating default judgment would be prejudicial because it has "expended significant time and effort, and has incurred great expense, to secure judgment against [the Moving] Defendants." (D.E. No. 17 at 4). It argues that there is no meritorious defense and, moreover, documents and witnesses "may be more difficult to locate and memories will surely have faded" because any

---

[2]   (*See also* D.E. No. 21 at 7 (contending that the Moving Defendants trusted an attorney who told them "that nothing can be done until the expert report was completed" and inexplicably failed to enter an appearance in this action)).

evidence offered "is now nearly two years older than it was the time of the original filing." (*Id.*). Indeed, Howard Johnson appears to challenge the merit of Moving Defendants' proffered defense, arguing that it had repeatedly told the Moving Defendants that they were "guarantors" and—during settlement negotiations between June 2014 and December 2014—the Moving Defendants never raised a forgery defense. (*Id.* at 4-5).

Finally, Howard Johnson argues that the Moving Defendants engaged in culpable conduct because it is indisputable they became aware of the Guarantee on October 8, 2014 (when they were served with the Complaint), but they waited until June 2016 to defend themselves (when they filed their motion to vacate default judgment). (*Id.* at 5-6). Howard Johnson also notes that the Moving Defendants retained counsel in January 2015 and hired a handwriting expert in May 2015—but did nothing to defend against this action until they filed their motion on June 20, 2016. (*Id.* at 6-8).

4. **Legal Standard.** "The court . . . may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Federal Rule of Civil Procedure 60(b) provides, in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."

Although the Court of Appeals for the Third Circuit "has adopted a policy disfavoring default judgments and encouraging decisions on the merits, . . . the decision to vacate a default judgment is left to the sound discretion of the trial court." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (citation omitted); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) ("We recognize . . . that this court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the

party moving to set aside the default judgment so that cases may be decided on their merits." (citation and quotation marks omitted)).

5. **Federal Rule of Civil Procedure 60(b)(1).** "In exercising its discretion in granting or denying a motion to set aside a . . . default judgment under Rule 60(b)(1), the district court should consider: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *United States v. $90,745.88 Contained in Account No. 9506826724 Held in the Name of and/or the Benefit of Amiri Mbubu Auto Sales, LLC., at Bank of Am.*, 465 F. App'x 143, 145 (3d Cir. 2012) (citation, quotations marks and textual modifications omitted).[3] District courts in the Third Circuit have recognized that the second factor—i.e., whether there is a meritorious defense—is a threshold question. *See, e.g.*, *Days Inn Worldwide v. B.K.Y.K.-II, Inc.*, No. 16-452, 2016 WL 6126939, at *2 (D.N.J. Oct. 19, 2016); *J & H Int'l v. Karaca Zucciye Tic. San A.S.*, No. 10-3975, 2012 WL 4742176, at *2 (D.N.J. Oct. 3, 2012).

6. **Rule 60(b)(1) warrants vacatur.**

   a. *First*, the Court finds there exists a meritorious defense for purposes of the three-part test required for a Rule 60(b)(1) analysis. Defendant Ashish Patel provided an affidavit in which he states that the signature on the guaranty-at-issue is not his and that a "signature expert" supports this contention. (*See* D.E. No. 14-2 ¶¶ 14, 21, 23-25). Similarly, Defendant Harpreet Singh provided an affidavit stating that he never signed the guaranty-at-issue. (*See* D.E. No. 14-3). The Moving Defendants have also provided the Court with a copy of an expert report purporting to question the validity of the signatures on the guaranty-at-

---

[3] *See also Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) ("We require the district court to consider the following factors in exercising its discretion in granting or denying a motion to set aside . . . a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." (citation omitted)).

issue—which includes the background and qualifications of the retained expert. (*See* D.E. No. 14-6). Howard Johnson's only protestation seems to be that the Moving Defendants had previous opportunities to raise their forgery defense. (*See* D.E. No. 17 at 5 (characterizing Moving Defendants' forgery-related contentions as "suspect in light of the evidence in this case" and citing their failure to raise such contentions during settlement negotiations)). But "the defaulting party does not have to show that they will prevail at trial; rather, all they must show is that, on its face, their defense is *litigable*." *Glashofer v. N.J. Mfrs. Ins. Co.*, No. 15-3601, 2016 WL 4204549, at *3 (D.N.J. Aug. 9, 2016) (emphasis added). After all, if they can prove this defense, the Court sees no reason—nor has Howard Johnson offered any—why they wouldn't be absolved of liability. *See $55,518.05 in U.S. Currency,* 728 F.2d at 195 ("The showing of a meritorious defense is accomplished when allegations of [a] defendant's answer, if established on trial, would constitute a complete defense to the action." (citation and quotation marks omitted)).

    b.  *Second*, the prejudice that Howard Johnson complains of relating to time, effort, and expense is insufficient—particularly given the Third Circuit's policy of disfavoring default judgments and encouraging decisions on the merit. *See Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 459-60 (3d Cir. 2011) ("Default judgments are disfavored in our Circuit . . . . [W]e have previously held that the costs associated with continued litigation normally cannot constitute prejudice."); *Days Inn Worldwide*, 2016 WL 6126939, at *2 ("Plaintiff has not identified any special harm that it will suffer if the Court vacates its entry of default judgment."). And, as the Moving Defendants aptly point out (*see* D.E. No. 21 at 6), Howard Johnson fails to identify particular witnesses or documents that may be missing or lost given the passage of time—and, furthermore, this case appears to primarily involve documentation that has already

been filed with the Court. In sum and substance, Howard Johnson's complaints about prejudice involve "difficulties [that] will almost always follow the vacation of a judgment, and they cannot alone outweigh the Third Circuit's strong preference that cases be decided on the merits." *See Wong v. Cortislim Int'l Inc.*, No. 13-4524, 2015 WL 3866225, at *2 (D.N.J. June 23, 2015).

      c.    *Third*, the Court is not persuaded that default judgment in favor of Howard Johnson's stemmed from culpable conduct. Rather, default judgment appears to have resulted from the apparently inexplicable conduct of the Moving Defendants' prior counsel. As the Moving Defendants now explain, their prior counsel—who was retained in January 2015 (*e.g.*, D.E. No. 14-2 ¶ 19)—inexplicably failed to enter a notice of appearance, contact Howard Johnson's counsel, and proceeded with acquiring expert support for the forgery-defense *before* intervening in this action. Resolving doubts in favor of the Moving Defendants, the Court declines to construe such inexplicable conduct as culpable conduct warranting the extreme sanction of default judgment. In other words, the Court is unconvinced that the Moving Defendants' conduct—not their prior counsel's—evidences bad faith.[4] Bolstering the Court's finding is that a large sum of money is involved here—which the Third Circuit long ago held counsels against resolution by default judgment. *See Tozer v. Charles A. Krause Mill, Co.*, 189 F.2d 242, 245 (3d Cir. 1951) ("Matters involving large sums should not be determined by default judgments if it can reasonably be avoided. Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.").[5]

---

[4]   *Cf. Days Inn Worldwide*, 2016 WL 6126939, at *3 ("[I]t appears that Defendants were proactive in their attempt to find counsel to represent them in this District. . . . Thus, Defendants' attorney—and not Defendants alone—is partially to blame for Defendants' unresponsiveness in this matter." (internal citations omitted)).

[5]   The Court thus finds that applying Rule 60(b)(1) warrants vacating default judgment and need not reach the parties' arguments concerning Rule 60(b)(6). That said, however, the Court notes that applying Rule 60(b)(6) would likely also warrant vacatur. "Although the text of Rule 60(b)(6) states simply that a court may grant relief from a final judgment for 'any other reason that justifies relief,' courts have added a requirement that a party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment."

7. **Conclusion.** For the reasons above, the Court will vacate its November 12, 2015 Order of Default Judgment (D.E. No. 13) and re-open this action so the Court may reach a decision on the merits. An appropriate Order accompanies this Memorandum Opinion.

<em>s/Esther Salas</em><br>
<strong>Esther Salas, U.S.D.J.</strong>

---

*Budget Blinds*, 536 F.3d at 255 (footnote omitted). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, an 'extreme' and 'unexpected' hardship will result." *Id.* (citation and quotation marks omitted). Here, as discussed, inexplicable conduct from the Moving Defendants' prior attorney threatens sanctioning the Moving Defendants with a very large sum of money. This is not a case where the moving parties "seek[] relief from a judgment that resulted from the [parties'] deliberate choices." *See id.* And, although the Court has separately considered whether the proffered defense is meritorious for purposes of Rule 60(b)(1), the Court is mindful in this context of the Moving Defendants facing a $342,915.88 judgment—while contesting (through affidavits and an expert report) that they signed the guaranty-at-issue.